```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

KEON BROWN,

                  Plaintiff,                    MEMORANDUM & ORDER
                                                  23-CV-6425 (EK)
            -against-

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Counsel for Keon Brown moves for an award of $3,900 in attorney's fees under 42 U.S.C. § 406(b)(1). Though the Commissioner of Social Security does not object to the motion, the Court must determine whether the fee request is reasonable. For the following reasons, Brown's Counsel's request is granted.

## I.   Background

Brown retained the law firm Osterhout Berger Disability Law, PLLC ("OBL") to represent him in connection with his pursuit of disability insurance benefits under the Social Security Act. On August 14, 2023, Brown signed a contingent-fee agreement providing that OBL would receive 25% of any past-due disability benefits awarded by the Commissioner of Social Security ("Commissioner").

On August 23, 2023, Brown filed suit in this Court, challenging the Commissioner's decision to reject his

application for disability benefits.  The Commissioner agreed that "the ALJ did not properly evaluate the medical opinion evidence, the claimant's subjective complaints, and the vocational evidence" and agreed jointly with Brown to remand the case for further proceedings.  Consent Mot. To Remand, ECF No. 8.  Following remand, the parties also agreed to a fees award to OBL of $1,206 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Jt. Mot. for Atty's Fees, ECF No. 11-1.

On remand, the Commissioner found Brown disabled and awarded him approximately $34,000 in past due benefits.  The Commissioner withheld $8,935.25 — 25% of the past-due benefits awarded — for attorney's fees.  OBL then moved for an award of $3,900 — several thousand less than the contract entitled it to.

## II.  Discussion

A court must enforce a claimant-counsel contract for "a reasonable fee . . . not in excess of 25% of the . . . past-due benefits" awarded in a case before the Commissioner. 42 U.S.C. § 406(b)(1)(A).  When the fee arrangement is contingent, "the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be

2

unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

To determine whether a fee is reasonable, courts consider "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, [ ] c) whether there was fraud or overreaching in the making of the contingency agreement," and d) "whether a requested fee would result in a 'windfall' to counsel." *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)).

Here, the one-page contingency agreement provides that OBL is entitled to a 25% fee award. Fee Agreement, ECF No. 13-3 ("I agree to pay a fee of 25% of my past due benefits."). And the *Gisbrecht* factors suggest that $3,900 is reasonable.

*First*, nothing in the record suggests OBL provided sub-standard representation. On the contrary, through OBL, Brown received tens of thousands of dollars in past due benefits.

*Second*, there is no indication that OBL delayed the proceedings to increase the amount of past due benefits and, consequently, the size of its contingency fee. *Third*, the fee agreement is simple and clear and therefore likely not the product of fraud. *See* Fee Agreement.

*Fourth*, $3,900 would not be a windfall to OBL. "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate." *Fields*, 24 F.4th at 854. They must also consider (1) counsel's "ability and expertise ... and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55.

Here, the hourly rate does not suggest that OBL is set to receive a windfall. Brown's attorneys billed 3.9 hours on the case, *see* Itemization of Time, ECF No. 13-2, and while the retainer entitles OBL to $8,935.25 (25% of Smith's past-due benefits), it seeks only $3,900 — yielding an effective rate of $1,000 per hour. That is well within the range of what other courts have approved, especially factoring in inflation. *See Biryla v. Comm'r of Soc. Sec. Admin.*, No. 24-CV-136, 2026 WL 1020903, at *3 (E.D.N.Y. Apr. 15, 2026) ("[F]ee awards equivalent to [an] hourly rate of $1,000 or more are common.") (collecting cases).

The remaining *Fields* factors likewise weigh against a windfall. Although OBL did not include a declaration attesting

to the ability and expertise of Brown's attorneys, OBL achieved a beneficial result for Brown with only 3.9 hours of work. *See Fields*, 24 F.4th at 854 ("It would be foolish to punish a firm for its efficiency and thereby encourage inefficiency."). Further, OBL represented Brown for over two years including at the agency level. And nothing in the record indicates Brown was unsatisfied with the result. *See Finnegan v. Comm'r. of Soc. Sec.*, No. 21-cv-2070, 2024 WL 4494088, at *4 (E.D.N.Y. Oct. 15, 2024) ("[T]he Court presumes that Plaintiff is satisfied with receiving the past-due benefits that he sought; there is no evidence in the record to the contrary."). Finally, "[i]n the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Wells*, 907 F.2d at 371. Here, Brown and OBL signed their agreement before it was certain that this Court would even remand Brown's case back to the Commissioner. "The success of the claim was far from a sure thing" and the $3,900 fee reflects a calculated risk, not a windfall. *Fields*, 24 F.4th at 856.

Accordingly, a fee award of $3,900 is reasonable. However, though fees may be awarded under both EAJA and Section 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 794-95. Within five business days of receipt of the

5

Section 406(b) fees, OBL shall remit the EAJA award of $1,206 to Plaintiff and shall file a declaration stating such on the docket. OBL is also directed to serve a copy of this Order and the docket on Brown and shall note proof of service on the docket no later than June 1, 2026.

### III. Conclusion

For the foregoing reasons, OBL's motion for attorney's fees is granted and such fees are awarded in the amount of $3,900 pursuant to 42 U.S.C. § 406(b).  OBL must return the $1,206 already awarded under EAJA to Brown.


SO ORDERED.




___/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:    June 2, 2026
          Brooklyn, New York

6